

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7th floor*     973-645-2700
*Newark, New Jersey 07102*

MJP/PL AGR

April 2, 2023

Robert Hazzard, Esq.
Demidchik Law Firm PLLC
136-18 39th Ave. 8th Floor
Flushing, NY 11354

      Re:    <u>Plea Agreement with Yunqin Liu</u>

Dear Mr. Hazzard:

      This letter sets forth the plea agreement between your client, Yunqin Liu ("Liu"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **April 21, 2023**, if it is not accepted in writing by that date. If Liu does not accept this plea agreement, her sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Liu to a one-count Information, which charges Liu with operation and aiding and abetting the conduct of an unlicensed money transmitting business, in violation of 18 U.S.C. §§ 1960(a), (b)(1)(A), and (b)(1)(B) and 18 U.S.C. § 2. If Liu enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Liu for her involvement in an unlicensed money transmitting business, money laundering, or bribing bank employees from in or around 2020 through in or around 2022.

      But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Liu even if the applicable statute of limitations period for those charges expires after Liu signs this agreement, and Liu agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 1960 to which Liu agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Liu is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Liu ultimately will receive.

Further, in addition to imposing any other penalty on Liu, the sentencing judge as part of the sentence:

(1)  will order Liu to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)  must order forfeiture, pursuant to 18 U.S.C. § 982; and

(3)  pursuant to 18 U.S.C. § 3583, may require Liu to serve a term of release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Liu be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Liu may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

Liu agrees that, as part of her acceptance of responsibility and pursuant to 18 U.S.C. § 982(a)(1), she will forfeit to the United States, any and all property involved in, or traceable to, the violation of 18 U.S.C. § 1960 charged in the Information. Liu further agrees to forfeit all of her right, title and interest in the sums of money and property listed below (collectively, the "Specific Property"),

which were seized by law enforcement during the investigation into Liu, and which Liu admits has the requisite nexus to the offense charged in the Information and therefore is forfeitable to the United States of America pursuant to 18 U.S.C. § 982(a)(1):

    a. $3,622,313.53 in cash, seized from Liu and/or co-conspirators on or about May 7, 2021 in or around Queens, New York;

    b. $245,000 in official checks, which were seized from Liu and/or co-conspirators on or about May 7, 2021 in or around Queens, New York;

    c. $24,854.87 in money orders, which were seized from Liu and/or co-conspirators on or about May 7, 2021 in or around Queens, New York;

    d. One white 2015 Lexus LX 570, which was seized from Liu and/or co-conspirators on or about May 7, 2021 in or around Queens, New York; and

    e. The contents of the following bank accounts:

        1. Bank of America account number ********2798;

        2. Royal Business Bank account number ****2321;

        3. Royal Business Bank account number ******7326;

        4. Amerasia Bank account number ****0782;

        5. Amerasia Bank account number ****5384;

        6. Amerasia Bank account number ****2253;

        7. Citibank account number ******8007;

        8. Citibank account number ******3816;

        9. Citibank account number ******3824;

        10. Citibank account number ******8424;

        11. Citibank account number ******8432;

        12. JP Morgan Chase account number *****0106;

        13. Capital One Bank account number ******3333; and

14. Capital One Bank account number ******5528.

Liu further consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 981(a). Liu agrees that she will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent Liu has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are hereby deemed withdrawn. Liu further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States Marshals Service and the execution of all necessary documentation.

Liu waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, Liu consents to the entry of a Consent Judgment of Forfeiture that will be final as Liu prior to her sentencing. Liu understands that criminal forfeiture pursuant to 18 U.S.C. § 982(a)(1) is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of Liu's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture. Liu hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Liu further agrees that not later than the date she enters her plea of guilty she will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Liu fails to provide a complete and accurate Financial Disclosure Statement by the date she enters her plea of guilty, or if this Office determines that Liu has intentionally failed to disclose assets on her Financial Disclosure Statement, Liu agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Liu by the sentencing judge. This Office may also correct any misstatements relating to the

sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Liu's activities and relevant conduct with respect to this case.

Stipulations

This Office and Liu will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Liu waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

Li understands that, if Liu is not a citizen of the United States, Liu's guilty plea to the charged offense will likely result in Liu being subject to immigration proceedings and removed from the United States by making Liu deportable, excludable, or inadmissible, or ending Liu's naturalization. Liu understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Liu wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this

plea will cause Liu's removal from the United States. Liu understands that Liu is bound by this guilty plea regardless of any immigration consequences. Accordingly, Liu waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Liu also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Liu. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against her.

No provision of this agreement shall preclude Liu from pursuing in an appropriate forum, when permitted by law, a claim that she received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

      This agreement constitutes the entire plea agreement between Liu and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: Mark J. Pesce
Assistant U.S. Attorney

APPROVED:

Joshua L. Haber
Chief, Economic Crimes Unit

   I have received this letter from my attorney, Robert Hazzard, Esq. It has been translated for me into Mandarin. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_Yun Qin Liu_            Date: 4/6/2023
Yunqin Liu

   I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_/s/ Robert Hazzard_         Date: 4/6/2023
Robert Hazzard, Esq.
Counsel for Defendant

Plea Agreement With Yunqin Liu

Schedule A

1. This Office and Yunqin Liu ("Liu") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2021 applies in this case.

3. The applicable guideline is U.S.S.G. § 2S1.1. This guideline carries a Base Offense Level of 8. *See* U.S.S.G. § 2S1.1(a)(2).

4. Because the offense involved approximately $276,348,727, which is more than $250,000,000 but less than $550,000,000, the offense level is increased by 28 levels. *See* U.S.S.G. § 2B1.1(b)(1)(O). Therefore, the offense level is 36.

5. Liu was a minor participant in the offense pursuant to U.S.S.G. § 3B1.2(b), so the offense level is decreased by 2 levels.

6. As of the date of this letter, Liu has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Liu's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

7. As of the date of this letter, Liu has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Liu's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Liu enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Liu's acceptance of responsibility has continued through the date of sentencing and Liu therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Liu's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

8. Accordingly, the parties agree that the total Guidelines offense level applicable to Liu is 31 (the "Total Offense Level").

9. Each party agrees not to advocate for any term of imprisonment outside the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance.

10. If the term of imprisonment does not exceed 60 months, and except as specified in the next paragraph below, Liu will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 60 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

11. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a) Any proceeding to revoke the term of supervised release.

(b) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).